CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

OCT 07 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 5:02cr30020-2 |
| | ) | |
| v. | ) | 2255 MEMORANDUM OPINION |
| | ) | |
| KHARY JAMAL ANCRUM, | ) | By: Michael F. Urbanski |
| Petitioner. | ) | United States District Judge |

Khary Jamal Ancrum, a federal inmate proceeding *pro se*, filed two motions (Docket Nos. 1331 and 1336) in which he seeks to challenge his conviction and sentence in light of Alleyne v. United States, 133 S. Ct. 2151 (2013).[1] Inasmuch as Ancrum is challenging the legality of his federal conviction and sentence, the court will construe his motions as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Upon review of the record, however, the court finds that the § 2255 motion must be dismissed as successive.

Ancrum challenges his conviction and life sentence for conspiring to distribute and possess with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Court records indicate that Ancrum previously filed a § 2255 motion regarding the same conviction and sentence, which the court dismissed. *See* Civil Action No. 7:07cv00523. The court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria.[2] See § 2255(h). As Ancrum has not

---

[1] In Alleyne, the Supreme Court held that, other than prior convictions, "facts that increase [statutory] mandatory minimum sentences must be submitted to the jury." 133 S. Ct. at 2163.

[2] The court notes that in United States v. Hairston, No. 12-8096, 2014 U.S. App. LEXIS 10846, 2014 WL 2600057 (4th Cir. June 11, 2014), the Fourth Circuit held that "a numerically second § 2255 motion should not be considered second or successive pursuant to § 2255(h) where . . . the facts relied on by the movant seeking resentencing did not exist when the numerically first motion was filed and adjudicated." Cf. 28 US.C. § 2255(h). In the instant matter, however, there are no new facts upon which Ancrum is relying. Rather, Ancrum's claim is based on a change in law that he believes affects his sentence. Accordingly, Hairston is inapplicable in this matter. See e.g., United States v. Norman, No. 14-7088, 2014 U.S. App. LEXIS 18698, 2014 WL 4825246 (4th Cir. Sept. 30,

submitted any evidence of having obtained certification from the Court of Appeals to file a second or successive § 2255 motion, the court must dismiss his motion without prejudice as successive.[3]

**ENTER**: This 7 day of October, 2014.

/s/ Michael F. Urbanski
United States District Judge

---

2014) (district court lacked authority to consider petitioner's <u>Alleyne</u> claims where petitioner had not first obtained permission from the Court of Appeals to file a second or successive 2255 motion).

[3] Petitioner is hereby advised of the procedure for obtaining certification from the United States Court of Appeals for the Fourth Circuit to have this court review a successive § 2255 motion. Petitioner must submit a copy of the successive § 2255 motion to the Court of Appeals, along with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. 28 U.S.C. § 2244. A Fourth Circuit form and instructions for filing this motion are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St, Richmond, VA 23219.