CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 14 2019

JULIA C. DUDLEY, CLERK
BY: /s/ Signature
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 5:02-CR-30020 |
| | ) | |
| v. | ) | |
| | ) | |
| KHARY JAMAL ANCRUM, | ) | By: Hon. Michael F. Urbanski |
| Petitioner. | ) | Chief United States District Judge |

## MEMORANDUM OPINION

Khary Jamal Ancrum, represented by counsel, filed a motion to reduce his sentence pursuant to Section 404(b) of the First Step Act of 2018. ECF No. 1472.[1] He asks the court to reduce his current sentence of life to time served. The government asserts that Ancrum is ineligible for consideration of a reduction in his sentence, and in the alternative, that if he is eligible for consideration, a further reduction of his sentence is not warranted. For the reasons set forth below, the court will **GRANT** Ancrum's request in part and reduce his sentence to 240 months, to be followed by an 8-year term of supervised release.

### BACKGROUND

On July 22, 2004, a jury convicted Ancrum on one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base as charged in Count 1 of a superseding indictment. ECF Nos. 17, 494. In addition, the government filed two notices of enhanced punishment pursuant to 21 U.S.C. § 851, based on prior felony drug convictions. ECF No. 478.

---

[1] Ancrum also filed two pro se motions to reduce his sentence. ECF Nos. 1443, 1448.

Pursuant to 21 U.S.C. §§ 846 and 841(b)(1)(A), Ancrum faced a statutory minimum sentence of life because he had two or more prior convictions for a felony drug offense. ECF No. 1456. For purposes of the sentencing guidelines, based on 1,160 grams of cocaine base, he had a base offense level of 36, increased by 2 points for carrying a firearm while distributing narcotics, and by 2 additional points for his role in the offense, for a total offense level of 40. ECF No. 10. Coupled with a criminal history category of VI, his guideline range was 360 months to life. U.S.S.G. Ch. 5, Pt. A; ECF No. 1456. However, because the statutory minimum sentence was life, the guideline range also was life. U.S.S.G. § 5G1.1(c)(2).

On December 9, 2004, Ancrum was sentenced to a term of life imprisonment to be followed by a 10-year term of supervised release. ECF No. 527. He has served approximately 186 months and has no projected release date. ECF No. 1453.

Ancrum seeks relief under the First Step Act. He argues that he is eligible for relief and that this court has discretion to reduce his sentence to time served.

## I. First Step Act

At the time Ancrum was sentenced, a violation of § 841(a)(1) carried a mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment if the offense involved more than 50 grams of cocaine base, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A) and (B) (2006). In 2010, the Fair Sentencing Act was passed, and Section 2 of the Act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub.

L. No. 111-220, § 2, 124 Stat. 2372 (2010). Currently, in order to trigger the 10-years-to-life-sentencing range, the offense must involve more than 280 grams of cocaine base, and to trigger the 5-to-40-year sentencing range, the offense must involve more than 28 grams of cocaine base.

The First Step Act was passed on December 21, 2018. Section 404 of the act permits a court, upon motion of the defendant or the government, or upon its own motion, to impose a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if such a reduction was not previously granted. Offenses qualify for the reduction if they were committed before August 3, 2010 and carry the statutory penalties which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).

The government argues that even though Ancrum committed his offense before August 3, 2010, and even though his offenses carry the statutory penalties which were modified by Section 2 or 3 of the Fair Sentencing Act, that he does not qualify for a sentence reduction. The government argues that it is the drug weight for which a defendant is held responsible and not the drug weight for which he was convicted that determines eligibility for First Step Act relief and that Ancrum's drug quantity in the Presentence Investigation Report (PSR) makes him ineligible. In the alternative, the government contends that even if Ancrum is eligible for a modification of his sentence, the court should exercise its discretion and decline to reduce the sentence.

3

## II. Drug Weight

The government asserts that whether a defendant is entitled to relief under the First Step Act depends on the amount of cocaine base for which he was found responsible in the PSR, rather than the amount for which he was indicted and convicted. Because Ancrum was found responsible for 1,160 grams of cocaine base in the PSR, which would make him subject to the 21 U.S.C. § 841(a)(1)(A) penalties, the government argues that he is not entitled to relief under the First Step Act.

Ancrum responds that the drug weight is an element of the offense and that any fact that increases a mandatory minimum penalty is an element that must be charged in an indictment and proved to a jury beyond a reasonable doubt, citing Apprendi v. New Jersey, 530 U.S. 466 (2000) and Alleyne v. United States, 570 U.S. 99 (2013). Under those two cases, if Ancrum were sentenced today, his sentence would be based on distributing 50 grams or more of cocaine base, and not 1,160 grams of cocaine base.

In Apprendi, the Supreme Court held that the Sixth Amendment to the Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. In Alleyne, the Court applied Apprendi to the federal mandatory minimum and maximum sentencing scheme and held that because mandatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an element of the crime that must be submitted to the jury. Id. at 116 (overruling Harris v. United States, 536 U.S. 545 (2002)).

4

The government argues, correctly, that neither Apprendi nor Alleyne are retroactively applicable on collateral review. See United States v. Sanders, 247 F.3d 139, 146 (4th Cir. 2001) (joining other circuits in finding that Apprendi does not apply retroactively to cases on collateral review); and United States v. Stewart, 540 Fed.Appx. 171 (4th Cir. 2013) (per curiam) (noting that Alleyne has not been made retroactively applicable to cases on collateral review). The government then argues that for a period of time after Apprendi was decided, including before passage of the Fair Sentencing Act in 2010, the jury ordinarily made a finding regarding the threshold penalty, but the court could and did impose statutory-minimum penalties regardless of any jury finding. That practice was authorized by Harris, and Alleyne did not overrule Harris until three years later, and three years after the Fair Sentencing Act was enacted.

The government contends that nothing in the First Step Act suggests that Congress intended to adopt a different methodology, and that the act only directs the court to examine a sentence as if Sections 2 and 3 of the Fair Sentencing Act were in effect at the time, and not to change the manner of determining quantity. In essence, the government is asking the court to apply the holding in Harris and disregard Alleyne when examining Ancrum's sentence. However, Congress, when drafting the First Step Act in 2018, surely did not intend for courts to disregard the last six years of Supreme Court federal sentencing jurisprudence and this court declines to do so.

Alleyne made clear that in order to preserve a defendant's Sixth Amendment right to a jury trial, any fact that increases the statutory mandatory minimum sentence is an element of

the crime which must be submitted to the jury. Alleyne, 570 U.S. at 116. The court in Ancrum's case found him guilty of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, which is the amount found by the jury. ECF Nos. 494, 527. Under Alleyne, this court is not free to ignore that finding and impose a penalty based on 1,160 grams of cocaine base referenced in the PSR. Thus, although Apprendi and Alleyne are not retroactively applicable on collateral review, this court joins other courts in finding that their holdings are applicable in the context of the First Step Act. See United States v. Simons, No. 07-CR-00874, 2019 WL 1760840 at *6 (E.D.N.Y. Apr. 22, 2019) (citing Alleyne and finding that statutory penalties are determined by facts submitted to a grand jury, trial jury, or established by a guilty plea while findings by a judge may be used to determine a sentence within the statutory penalties and cannot change "the mandatory minimum sentence now applicable"); United States v. Dodd, No. 3:03-CR-18-3, 2019 WL 1529516 (S.D. Iowa, Apr. 9, 2019) (finding in a First Step Act case that "[b]oth Apprendi and Alleyne are binding on this Court for sentencings held today."); United States v. Davis, No. 07-CR-245(S)(1), 2019 WL 1054554 (W.D.N.Y. Mar. 6, 2019), appeal docketed, No. 19-874 (2nd Cir. Apr. 5, 2019) ("[I]t is the statute of conviction, not actual conduct, that controls eligibility under the First Step Act."); see also United States v. Laguerre, No. 5:02-CR-30098-3, 2019 WL 861417 (W.D. Va. Feb. 22, 2019) (relying without discussion on charged drug weight rather than PSR weight to find defendant eligible for relief).

## III. Discretion of the Court

The government argues that if the court finds Ancrum eligible for consideration under the First Step Act, that it should exercise its discretion to deny him relief, in light of the drug weight. It claims that if Ancrum had been prosecuted after passage of the Fair Sentencing Act, he would have been prosecuted for possession of at least 280 grams of cocaine base, subjecting him to the 10-years-to-life sentencing range found in 21 U.S.C. § 841(b)(1)(A).

This appears to be the approach taken by the court in United States v. Haynes, No. 8:08-CR-441, 2019 WL 1430125 (D. Neb., Mar. 29, 2019) appeal docketed, No. 19-1701 (8th Cir. Apr. 4, 2019). There, a defendant was indicted and pleaded guilty to possession with intent to deliver 5 grams or more of cocaine base. In the plea agreement, he agreed to be held responsible for 20-35 grams of cocaine base, and the PSR said he was responsible for at least one ounce (28.35 grams) of cocaine base. Id. at *1. He sought relief under the First Step Act based on his plea of guilt to the 5 grams of cocaine base. Id. at *2. The court denied relief, finding that if the Fair Sentencing Act had been in effect at the time the defendant was indicted, the government would have charged him under 18 U.S.C. §841(b)(1)(B)(iii).

This approach was rejected by the court in Dodd, 2019 WL 1529516 at *3. There, the court found that such a speculative claim is insufficient and that many things might have been different at the time the defendant was indicted and tried. The court was unwilling to engage in "a series of hypotheticals about what might have happened had aspects of the case been fundamentally altered." Id. See also United States v. Pierre, ___ F.Supp.3d ___, 2019 WL 1495123 (D.R.I. Apr. 5, 2019) (holding that in determining eligibility under the First Step Act,

court should look to whether the offense of conviction was modified by the Fair Sentencing Act of 2010 and should not delve into the particulars of the record to determine how the defendant committed the offense of conviction or how the facts would have hypothetically affected the charges brought under the new statutory scheme).

This court finds the reasoning in Dodd and Pierre persuasive. While it is possible that the government would have proceeded against Ancrum under 18 U.S.C. §841(b)(1)(A), it also is possible that it would have chosen not to do so. The government could have determined that the evidence was insufficient to prove the quantity beyond a reasonable doubt, or if Ancrum were indicted on that amount, the parties might have entered into a plea agreement where Ancrum pleaded to less than 280 grams of cocaine base. Additionally, Ancrum objected to the drug weight in the PSR, ECF No. 1456, but the court found it unnecessary to decide the issue because of the mandatory life sentence. ECF No. 1472-2 at 2. It is possible that the court would have sustained the objection after hearing testimony and examining the evidence.

The retroactive assumption suggested by the government simply is too speculative a basis on which to determine Ancrum's eligibility for a sentence reduction. Thus, this court declines to assume that Ancrum would have been charged and convicted of possessing more than 280 grams of cocaine base if the Fair Sentencing Act had been in effect at the time he was convicted.

The government further argues that a reduction in Ancrum's sentence would constitute an unjustified windfall to him based upon the date of his prosecution and offends the need to avoid unwarranted sentence disparities among similarly situated offenders. This argument is

based on the previous argument that in cases brought after the passage of the Fair Sentencing Act but prior to Alleyne, juries were asked to make quantity determinations based on that act's new thresholds for purposes of establishing applicable statutory maximums, and courts could and did impose higher statutory minimums based on their own conclusions regarding drug quantity.

The government appears to be arguing that this court should ignore both the plain language of the First Step Act regarding who is eligible for a sentence reduction as well as the holding in Alleyne, because other defendants sentenced within that three-year window may have been subject to longer statutory minimum sentences. While the court is aware of the need for consistent sentences among defendants, it is not free to ignore either the law or constitutional precedent. As discussed above, this court finds that the First Step Act applies to Ancrum and finds that it is compelled by Alleyne to look only at the quantity of drugs for which Ancrum was indicted and found guilty when determining whether he is entitled to a sentence reduction. Accordingly, this court will not refrain from modifying Ancrum's sentence under the First Step Act because other defendants may have been sentenced differently.

The parties agree that under the First Step Act, Ancrum's guideline range based on 50 grams of cocaine base is 360 months to life, but he is no longer subject to the statutory minimum of life and the sentencing guidelines are no longer mandatory.[2] The government

---

[2] If Ancrum were sentenced today based on 50 grams of cocaine base, under 21 U.S.C. § 841(a)(1)(B), his statutory minimum and maximum sentences would be 10 years to life because of his prior felony drug convictions. His base offense level would be 32, increased to 36 for use of a firearm and his role in the offense, and to 37 because of his status as a career offender. U.S.S.G. § 4B1.1. Thus, his guideline range would be 360 months to life as it was when he was sentenced originally.

asserts that a sentence of 360 months is within the guideline range and that a variance below the guideline range should not be granted to ensure parity with defendants who were sentenced after the Fair Sentencing Act and were not eligible for consideration of sentences below the guideline range at the implementation of the reduction granted by Amendment 782. The government once again appears to be asking the court to disregard the changes to sentencing law brought about by the First Step Act because the changes are limited in scope. The court does not find the fact that not all defendants were eligible for Amendment 782 deductions to be a reasonable basis for denying a reduction to which Ancrum is entitled under the First Step Act.

The court finds that it has authority under 18 U.S.C. § 3582(c)(2) to modify Ancrum's sentence, taking into account the advisory nature of the guidelines after Booker[3] and the considerations set forth in 18 U.S.C. § 3553(a). Ancrum has served approximately 186 months. Had he been sentenced under the Fair Sentencing Act, his statutory mandatory minimum sentence would have been 120 months and his guideline range would have been 360 months to life.

In the PSR it was noted that Ancrum supplied cocaine base to street level dealers and recruited other people to the distribution ring. Evidence also indicated that he recruited women to carry narcotics in their body cavities to avoid detection by law enforcement. Clearly

---

[3] See United States v. Booker, 543 U.S. 220 (2005) (holding that in order to avoid a constitutional violation, the Sentencing Guidelines are advisory and not mandatory).

10

Ancrum was more than a street-level dealer of drugs and the serious nature of his offense is reflected in the guideline range of 360 months to life.

However, the PSR also noted that Ancrum withdrew from high school during his tenth grade year. ECF No. 1456. Since he has been incarcerated, he has earned his GED and taken a number of other classes offered by the Bureau of Prisons. His disciplinary history for at least the last six months is clear. ECF No. 1472-1. Ancrum submitted statements from family members, including his wife, mother, and a long-time family friend, all of whom stated that they have seen him change and grow while incarcerated, and believe he will abide by the law and contribute positively to society if released from custody. ECF No. 1472-3.

The court has reviewed Ancrum's PSR, the addendum to the PSR, the evidence submitted by Ancrum, and the arguments of the parties. Under the current sentencing guidelines and the 18 U.S.C. § 3553 factors, a sentence below the guidelines range is warranted, but release to time served would not account for the seriousness of Ancrum's offense and his long history of drug dealing. Accordingly, the court modifies Ancrum's sentence to 240 months of incarceration, to be followed by an 8-year term of supervised release.

The court finds that a sentence of 240 months is sufficient, but not greater than necessary, and accounts for the sentencing factors the court must consider pursuant to 18 U.S.C. § 3553(a), specifically deterrence, protection of the public, and respect for the law. Further, this sentence expressly takes into account First Step Act sentences for other defendants in this drug conspiracy case in an effort to avoid unwarranted sentence disparities. Accordingly, the court **GRANTS** Ancrum's motions under the First Step Act, ECF Nos.

1443, 1448, 1472, and reduces his sentence to 240 months, to be followed by an 8-year term of supervised release.

An appropriate Order and amended judgment will be entered.

Entered: 05-14-2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge