AO 243 (Rev. 09/17)
MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 16 2020
JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

| United States District Court FOR WESTERN | District OF VIRGINIA (HARRISONBURG DIVISION) |
|---|---|
| Name (under which you were convicted): KHARY JAMAL ANCRUM | Docket or Case No.: 5:02-CR-30020 |
| Place of Confinement: FCC FLORENCE COLORADO | Prisoner No.: 41746-083 |
| UNITED STATES OF AMERICA | Movant (include name under which convicted) |
| V. KHARY JAMAL ANCRUM | |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA, HARRISONBURG DIVISION

U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA (HARRISONBURG DIVISION)

(b) Criminal docket or case number (if you know): 5:02-CR-30020

2. (a) Date of the judgment of conviction (if you know): July 22, 2004
(b) Date of sentencing: December 9, 2004

3. Length of sentence: (Originally) Life Imprisonment; Reduced to 240 Months (May 14, 2019)

4. Nature of crime (all counts):

Conspiracy to distribute and possess with intent to distribute 50 grams or more of Cocaine Base

5. (a) What was your plea? (Check one)
(1) Not guilty [X]   (2) Guilty [ ]   (3) Nolo contendere (no contest) [ ]

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

N/A

6. If you went to trial, what kind of trial did you have? (Check one)   Jury [X]   Judge only [ ]

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes [X]   No [ ]

8. Did you appeal from the judgment of conviction?   Yes [X]   No [ ]

9. If you did appeal, answer the following:
   (a) Name of court: <u>U.S. COURT OF APPEALS FOR THE FOURTH CIRCUIT</u>
   (b) Docket or case number (if you know): _____
   (c) Result: _____
   (d) Date of result (if you know): _____
   (e) Citation to the case (if you know): _____
   (f) Grounds raised:

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes [ ]   No [X]
   If "Yes," answer the following:
   (1) Docket or case number (if you know): _____
   (2) Result: _____
   (3) Date of result (if you know): _____
   (4) Citation to the case (if you know): _____
   (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes [X]   No [ ]

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: <u>U.S. District Court for the Western District of Virginia</u>
       (2) Docket or case number (if you know): <u>5:02-CR-30020</u>
       (3) Date of filing (if you know): _____

(4) Nature of the proceeding: <u>Motion for Sentence Correction (First Step Act of 2018)</u>
(5) Grounds raised:

<u>That Section 404 of the First Step Act of 2018 made the Fair Sentencing Act of 2010 Retroactive to certain drug offenses, requiring a reduced sentence.</u>

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
Yes ☐   No ☒

(7) Result: <u>Life Imprisonment reduced to 240 Months.</u>
(8) Date of result (if you know): <u>May 14, 2019.</u>

(b) If you filed any second motion, petition, or application, give the same information:
(1) Name of court: <u>U.S. District Court for the Western District of Virginia</u>
(2) Docket of case number (if you know): <u>5:02-CR-30020</u>
(3) Date of filing (if you know): <u>November 14, 2019.</u>
(4) Nature of the proceeding: <u>Letter/Motion to adjust May 14, 2019 Sentence.</u>
(5) Grounds raised:

That an Eastern District of Virginia sentence of 13 months (Case# 1:03-CR-00376) should run concurrent with the May 14, 2019 sentence of 240 months.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
Yes ☐   No ☒

(7) Result: <u>Denied.</u>
(8) Date of result (if you know): <u>January 23, 2020.</u>

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
(1) First petition:    Yes ☐   No ☒
(2) Second petition:   Yes ☐   No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:
<u>Reserved for 28 U.S.C. §2255 Motion (Ineffective Assistance of Counsel)</u>

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** <u>Ineffective Assistance of Counsel during and after First Step Act proceedings that resulted in prejudice.</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On May 14, 2019, Chief United States District Judge, The Honorable Michael F. Urbanski, reduced this Movant; KHARY JAMAL ANGRUM'S Life Sentence to 240 months pursuant to Section 404 of the First Step Act of 2018 (SEE DKT# 1489). Assistant Federal Public Defender, Lisa M. Lorish represented this movant in seeking First Step Act relief. Before filing the Sentence Correction Motion under the First Step Act on behalf of the movant, Attorney Lorish had access to the movant's original Presentence Report ("PSR") where at Paragraph No. 48 (of the original Western District PSR) referred to a previous Eastern District of Virginia sentence of 13 months that movant received that was considered "related to the Western District of Virginia offense." No criminal history points were assigned for the EDVA conviction due to Application Note 3 to 4A1.2 of the 2003 (CONT'D)

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐  No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Reserved for Ineffective Assistance of Counsel Claim pursuant to 28 U.S.C. §2255 (GROUND ONE)

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐  No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐  No ☒

12. a. (Supporting Facts Continued)

United States Sentencing Guidelines Manual governing "related cases." Therefore, given the access and knowledge that Attorney Lorish possessed in regards to Paragraph No. 48 of the Original Western District of Virginia ("WDVA") PSR, before she filed the First Step Act motion on behalf of the movant, she knew, or should have known that the EDVA was a related case for purposes of including in the First Step Act Motion, a request that the EDVA sentence is treated as related, where if the court grants the movant any First Step Act reduction, that the new sentence is ran concurrent with the EDVA 13-months sentence pursuant to U.S.S.G. §5G1.3(b)(1) and U.S.S.G. §1B1.3(B). Attorney Lorish had access to the movant's original PSR in the WDVA where at Paragraph No. 23 it states that, "evidence indicates the defendant's involvement in the instant offense began sometime in 2001 and ended in 2003, deeming the defendant's 2003 drug possession conduct in the EDVA a related case." That is twice the opportunity that Attorney Lorish knew, or should have known, prior to seeking First Step Act relief on behalf of this movant that any such relief shall include §5G1.3(b) and §1B1.3(B) of the U.S. Sentencing Guidelines Manual. The movant's original mandatory life sentence precluded the above applications and is why it was never requested at the movant's December 9, 2004 sentencing. The Western District PSR clearly deemed the Eastern District of Virginia drug possession conviction and sentence as part of a single, common scheme, or plan. In which is consistent with the fact that the EDVA and WDVA offenses were not separated by intervening arrests. Based on the above facts, Attorney Lorish's legal performance was deficient and clearly fell below an objective standard of reasonableness by failing to raise §5G1.3(b)(1) and §1B1.3(B) in her First Step Act Motion as part of the relief, if any, towards imposition of a reduced sentence, to run concurrent with the 13 months EDVA sentence; and for also failing to raise this issue at least within 14 days after the court imposed the reduced sentence on May 14, 2019. It is also arguable that Attorney Lorish was ineffective for not relying on the fact that the U.S. Probation Office had omitted the EDVA 13-month sentence or conviction from the Addendum to the WDVA PSI in connection with her First Step Act motion filed on behalf of this movant, as clerical error, for which Rule 36 of the Federal Rules of Criminal Procedure was applicable along with United States v. Vanderhorst, 927 F.3d 824 (4th Cir. 2019) and appealed the order denying her request under Rule 36 for the court to grant movant's letter/motion for his reduced sentence to run concurrent to the EDVA sentence. Attorney Lorish requested time served as relief in the First Step Action motion, and therefore, she should have been aware of any previous or future sentence that the movant might of had or that would have affected that requested relief. Under U.S.S.G. §1B1.3(B), states that, "offenses that do not qualify as part of a common scheme or plan may nonetheless qualify as part of the same course of conduct if they are sufficiently connected or related

12. a. (Supporting Facts Continued)

to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses."

U.S.S.G. §5G1.3(b)(1) and (2) of the United States Sentencing Guidelines in effect in 2004, and on May 14, 2019, states: "where subsection (a) does not apply, and a term of imprisonment resulted from another offense (here EDVA) that is relevant conduct (here part of a single, common scheme or plan) to the instant offense (See Also Para. 48 of WDVA PSR) of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of U.S.S.G. §1B1.3 (relevant conduct), the sentence for the instant offense SHALL be imposed as follows:

(1) the court SHALL adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons and

(2) the sentence for the instant offense SHALL be imposed to run concurrently to the remainder of the undischarged term of imprisonment."

§5G1.3(d) (Policy Statement) states that "in any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to acheive a reasonable punishment for the instant offense."

Even in Attorney Lorish's December 16, 2019 response Memorandum, she clearly and repeatedly refers to the movant's sentence reduction date as being on May 14, 2014 (See DKT# 1499 at 1). Attorney Lorish cited Vanderhorst which did not support an argument for the court to run the movant's 240 months sentence concurrently to the 13-month sentence in EDVA. Vanderhorst pertaines to a Clerical Error under Rule 36 that would support an argument for the court to correct an error in the sentence. As admitted, Attorney Lorish never mentioned the EDVA 13-month sentence in the First Step Act motion.

## AN EVIDENTIARY HEARING IS NECESSARY AND WOULD BE USEFUL TO THIS COURT

Title 28, United States Code, Section 2255 provides that a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released or for reduction of sentence may move the court which imposed the sentence to vacate, set aside or correct the sentence. This section also provides as follows:

> "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

28 U.S.C. § 2255

---

[46] *United States v. Grist*, 1998 U.S. App. LEXIS 20199; 1998 Colo. J. C.A.R. 4384 (10th Cir. 1998) (evidentiary hearing required unless Section 2255 motion, files, and trial record conclusively show petitioner entitled to no relief; court cannot choose between affidavits); *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (evidentiary hearing required unless Section 2255 motion, files, and trial record "conclusively show" petitioner entitled to no relief); *Virgin Islands v. Weatherwax*, 20 F.3d 572, 573 (3rd Cir. 1994) (petitioner entitled to evidentiary hearing on ineffective assistance of counsel claim where facts viewed in light most favorable to petitioner would entitle him to relief); *Stoia v. United States*, 22 F.3d 766, 768 (7th Cir. 1994) (same); *Ciak v. United States*, 59 F.3d 296, 306-07 (2nd Cir. 1995) (same); *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (same); *Nichols v. United States*, 75 F.3d 1137, 1145-46 (7th Cir. 1996) (petitioner entitled to evidentiary hearing on claim of ineffective assistance of counsel when record inconclusive on issue); *United States v. Witherspoon*, 231 F.3d 923; 2000 U.S. App. LEXIS 27778 (4th Cir. 11-6-00) (petitioner entitled to evidentiary hearing when motion presented colorable claim and unclear whether counter affidavit disputed defendant's allegations); *Guy v. Cockrell*, 343 F.3d 348; 2003 U.S. App. LEXIS 16632 (5th Cir. 2003) (disputed issues of material fact require evidentiary hearing); *Paprocki v. Foltz*, 869 F.2d 281, 287 (6th Cir. 1989) (if there are factual issues in dispute in a section 2255 petition and the record is insufficient to enable the district court to resolve the issue of whether a claim of ineffective assistance of counsel is meritorious, the district court must hold an evidentiary hearing); *Buenoano v. Singletary*, 963 F.2d 1433; 1992 U.S. App. LEXIS 12462 (11th Cir. 1992) ("An evidentiary hearing ... is ... necessary if Buenoano's petition alleges facts that, if true, establish a right to relief.") (citing *Agan v. Dugger*, 835 F.2d 1337, 1338 (11th Cir.1987) and *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir.1991)); *Ellison v. United States*, 324 F.2d 710; 1963 U.S. App. LEXIS 3595 (10th Cir. 1963); *United States v. Gonzalez*, 98 Fed. Appx. 825; 2004 U.S. App. LEXIS 10946 (10th Cir. 2004); *United States v. Rashad*, 331 F.3d 908; 356 U.S. App. D.C. 323; 2003 U.S. App. LEXIS 11489 (DC Cir. 2003) (same); *Dziurgot v. Luther*, 897 F.2d 1222; 1990 U.S. App. LEXIS 3873 (1st Cir. 1990) (same).

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: The District Court's January 23, 2020 Ruling that Letter/Motion to modify sentence was correct in that it was time-barred under Rule 35(a) of the Federal Rules of Criminal Procedure. Therefore, no grounds or basis of an appeal of that judgment.

**GROUND TWO:** Counsel was ineffective for not appealing the January 23, 2020 order as erroneous under Rule 36 of the Federal Rules of Criminal Procedure.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Clearly Attorney Lorish submitted to the district court in her Response Memorandum dated December 16, 2019, that the reason she was unaware of the movant's previous 13-months sentence form EDVA in Case# 1:03-CR-00376 -is because the Western District U.S. Probation Office did not mention it in the Addendum prepared in connection with movant's First Step Act Motion, "and it was not mentioned at [his] original sentencing in 2004." See DKT# 1499 at 2. Therefore, if the U.S. Probation Office did indeed attribute to, and is responsible for including the EDVA 13-months sentence in the Addendum and did not, then clearly this would be a Rule 36 Clerical Error of the kind recognized in Attorney Lorish's supporting case: United States v. Vanderhorst, 927 F.3d 824, 827 (4th Cir. 2019), and in United States v. Powell, 266 F. App'x 263 (4th Cir. 2008)(unpublished). The clerical error by the U.S. Probation Office in omitting the EDVA 13-month sentence resulted in the court reducing the movant's sentence without running the EDVA concurrently or ever considering it. Therefore, Counsel should have appealed the court's January 23, 2020 order, but because counsel did not, the sentence/judgment of May 14, 2019 stood unchallenged.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

The failure to do so is assigned as ineffective assistance of counsel.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐  No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐  No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐  No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

This issue is assigned ineffective assistance of counsel.

**GROUND THREE:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐   No ☐
   (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐   No ☐
   (2) If you answer to Question (c)(1) is "Yes," state:
   Type of motion or petition:
   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know):
   Date of the court's decision:
   Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion, petition, or application?
       Yes ☐   No ☐
   (4) Did you appeal from the denial of your motion, petition, or application?
       Yes ☐   No ☐
   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
       Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

_____

**GROUND FOUR:** N/A _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

(b) **Direct Appeal of Ground Four:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐   No ☐
   (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐   No ☐
   (2) If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____


(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:   N/A

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?     Yes ☐     No ☒

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At the preliminary hearing:

   N/A

   (b) At the arraignment and plea:

   N/A

   (c) At the trial:

   N/A

   (d) At sentencing:

   N/A

   (e) On appeal:

   N/A

   (f) In any post-conviction proceeding: Lisa M. Lorish, Assistant Federal Public Defender, 401 E. Market St, Ste 106, Charlottesville, VA 22902 Tel (434) 220-3380

   (g) On appeal from any ruling against you in a post-conviction proceeding:

   N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☐     No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☒     No ☐

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

   U.S. District COURT FOR THE Eastern District of Virginia
   Case# 1:03-CR-00376

   (b) Give the date the other sentence was imposed:     March 26, 2004
   (c) Give the length of the other sentence:     13 Months.
   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☒     No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*   N/A

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
  A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
  (1) the date on which the judgment of conviction became final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: Adjust the 240 months sentence where it is concurrent with the 13 months sentence in the EDVA, pursuant to U.S.S.G. §5G1.3(b)(1) and U.S.S.G. §1B1.3(B)
or any other relief to which movant may be entitled.

_____N/A_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on ___1-31-20___.
(month, date, year)

Executed (signed) on __Jan 31, 2020__ (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.



7018 229

Khary Ancrum 41746-083
FCI Florence
PO Box 6000
Florence, CO 81226

Western District of Virg
**Attn: Clerk of the Cou**
210 Franklin Road
Room 308
Roanoke, VA 24011

CERTIFIED MAIL®



0000 2082 4504


1023


24011

U.S. POSTAGE PAID
FCM LG ENV
CANON CITY, CO
81212
MAR 12, 20
AMOUNT
**$5.55**
R2305P150339-8

inia - Roanoke Division
rt