IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 5:02-CR-30020 |
| | ) | |
| v. | ) | |
| | ) | |
| KHARY JAMAL ANCRUM, | ) | By: Hon. Michael F. Urbanski |
| Defendant | ) | Chief United States District Judge |

### MEMORANDUM OPINION

This matter is before the court on defendant Khary Ancrum's motion for relief under 28 U.S.C. § 2255 and his motion for release on location monitoring due to COVID-19. ECF Nos. 1512, 1513. The government filed a motion to dismiss Ancrum's request for § 2255 relief on August 20, 2020. ECF No. 1542. As discussed below, the court **DENIES** Ancrum's motions and **GRANTS** the government's motion to dismiss.

I.

On July 22, 2004, a jury convicted Ancrum on one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base as charged in Count 1 of a superseding indictment. ECF Nos. 17, 494. In addition, the government had filed two notices of enhanced punishment pursuant to 21 U.S.C. § 851, based on prior felony drug convictions. ECF No. 478.

Pursuant to 21 U.S.C. §§ 846 and 841(b)(1)(A), Ancrum faced a statutory minimum sentence of life because he had two or more prior convictions for a felony drug offense. ECF No. 1456. For purposes of the sentencing guidelines, based on 1,160 grams of cocaine base, he had a base offense level of 36, increased by 2 points for carrying a firearm while distributing

narcotics, and by 2 additional points for his role in the offense, for a total offense level of 40. ECF No. 10. Coupled with a criminal history category of VI, his guideline range was 360 months to life. U.S.S.G. Ch. 5, Pt. A; ECF No. 1456. However, because the statutory minimum sentence was life, the guideline range also was life. U.S.S.G. § 5G1.1(c)(2). On December 9, 2004, Ancrum was sentenced to a term of life imprisonment to be followed by a 10-year term of supervised release. ECF No. 527.

On January 9, 2019, Ancrum filed a pro se motion seeking appointment of counsel and arguing that he was entitled to a modification of his sentence under § 404(b) of the First Step Act of 2018, Pub. L No. 115-391, 132 Stat. 5194 (2018). The court appointed the Federal Public Defender ("FPD") to review Ancrum's claim for relief and if warranted, to file a supplemental petition. ECF No. 1445. On March 15, 2019, Assistant Federal Public Defender Lisa Lorish filed a motion for relief under the First Step Act and asked that Ancrum's life sentence be reduced to time served. ECF No. 1472. The government filed a response and on May 14, 2019, the court granted Ancrum's request in part and reduced his sentence to 240 months, to be followed by an 8-year term of supervised release. ECF Nos. 1488, 1489.

Six months later, on November 14, 2019, Ancrum sent a letter to the court asking to run his newly imposed 240-month sentence concurrent with a 13-month sentence out of the Eastern District of Virginia that was the result of a plea agreement he had entered into prior to being tried and sentenced to life in the Western District of Virginia. ECF No. 1495. The court asked the government and the FPD to respond to Ancrum's letter and both did so. ECF Nos. 1496, 1498, 1499.

2

The government argued that Ancrum's motion was time-barred under Rule 35(a) as it was not made within 14 days of his First Step Act sentence on May 14, 2019. ECF No. 1498 at 5. The government further argued that the First Step Act did not authorize a subsequent petition. Id. In addition, the government pointed out that 18 U.S.C § 3584(a) provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Id. at 6.

The FPD asked the court to apply Fed. R. Crim. P. 36, instead of Rule 35. ECF No. 1499. Rule 36 authorizes the court to correct at any time "a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Citing United States v. Vanderhorst, 927 F. 3d 824, 827 (4th Cir. 2019), Ancrum asked the court to categorize as clerical error the failure to run his May 2019 20-year First Step Act sentence concurrent to his 2004 13-month Eastern District of Virginia sentence. Id. at 3.

The court found that the failure to run Ancrum's 20-year sentence concurrently with the 13-month sentence out of the Eastern District of Virginia was not a clerical error. ECF No. 1500 at 4. Rather, Ancrum was asking the court to reach an issue never raised at his original sentencing or his resentencing under the First Step Act. Under § 3584(a), because the Western District of Virginia was not asked to, and did not, run Ancrum's sentence concurrent to his Eastern District sentence, these sentences, "imposed at different times," are required to "run consecutively." Id. The court concluded that because Ancrum's case did not involve a clerical error, but rather concerned a substantive issue not raised with the court at previous

3

sentencings, Rule 36 had no application to this case. Id. The court also concluded that Ancrum's motion was untimely under Rule 35. Accordingly, the court denied his motion. Id.

Ancrum did not appeal the denial of his motion, but instead filed the instant § 2255 motion on March 16, 2020 wherein he asserts that he received ineffective assistance of counsel during and after the First Step Act proceedings that resulted in prejudice to him. ECF No. 1512-1 at 2. Attached to his § 2255 motion was an affidavit from Assistant FPD Lorish, who stated that she failed to provide the Court with important information that Ancrum was serving not only a life sentence of imprisonment, but that he also was serving a 13-month sentence that would be applied consecutively to the life sentence. Aff. of Lisa Lorish, ECF No. 1512-2 ¶ 7. She further stated that she failed to argue to the court that the offense in the Eastern District of Virginia was relevant conduct and that under § 5G1.3(b) of the sentencing guidelines, where a defendant has another sentence for relevant conduct, the sentence for the instant offense shall be imposed to run concurrently with the remainder of the undischarged term of imprisonment. Id. ¶ 8.

Ancrum argues that Lorish provided ineffective assistance of counsel when she (1) failed to argue that the 13-month sentence out of the Eastern District of Virginia should have been treated as a related case and that any sentence reduction granted pursuant to the First Step Act should have been ordered to run concurrent to the 13-months sentence; (2) failed to notice that the 13-month sentence was omitted from the amended PSR; and (3) failed to raise the issue within 14 days of May 14, 2019, the date the modified sentence was entered, which is the window to correct a sentence that resulted from error. Fed. R. Civ. P. 35(a). In response,

4

the government argues (1) a § 2255 motion is not a vehicle in which to attack a sentence reduction under 18 U.S.C. § 3582(c); (2) a § 2255 petition attacking Ancrum's sentence is untimely and an unauthorized successive petition and (3) Ancrum cannot prevail on the merits.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If a petition alleges a sentencing error that is neither constitutional nor jurisdictional, "a district court lacks authority to review it unless it amounts to a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Foote, 784 F.3d 931, 936 (4th Cir.) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). A petitioner collaterally attacking his conviction or sentence via a § 2255 petition bears the burden of showing by a preponderance of evidence that he is entitled to relief. White v. United States, 352 F.Supp.2d 684, 687 (E.D. Va. 2004) (citing Miller v. United States, 261 F.2d 546 (4th Cir. 1958), and Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967)).

Section 3582 provides that a court may not modify a term of imprisonment once it has been imposed, except in very limited circumstances, including "to the extent otherwise permitted by statute." 18 U.S.C. § 3582(c)(1)(B).[1] The purpose of the First Step Act was to

---

[1] The statute also provides that the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by Rule 35 of the Federal Rules of Criminal Procedure. 18 U.S.C. § 3582(c)(1)(B).

5

make the Fair Sentencing Act retroactive. United States v. Wirsing, 943 F.3d 175, 184 (4th Cir. 2019). "The First Step Act thus fits under the narrow exception to finality provided by § 3582(c)(1)(B) because it 'expressly permits the court to' modify a term of imprisonment." Id. (citing United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010)) (emphasis in original).

The First Step Act provides for modification of a term of imprisonment but does not require a plenary resentencing. See United States v. Lancaster, 997 F.3d 171, 175 (4th Cir. 2021) (commenting that engaging in analysis that involves the recalculation of the Sentencing Guidelines in light of intervening case law leaves the court with much discretion but is not intended to constitute a plenary resentencing); see also United States v. Collington, 995 F.3d 347, 358 (4th Cir. 2021) ("Ultimately, the First Step Act contemplates a robust resentencing analysis, albeit not a plenary resentencing hearing.") Such a determination is consistent with how motions under other provisions of § 3582(c) are addressed. See Dillon v. United States, 560 U.S. 817, 824-26 (2010) (finding full resentencing hearings not authorized by retroactive guideline amendments); United States v. Phillips, 194 F. App'x 154, 155 (4th Cir. 2006) (per curiam) (quoting United States v. Layman, 116 F.3d 105, 108 (4th Cir. 1997) ("Rule 35(a) 'is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence.'"); White v. United States, 745 F.3d 834, 836 (7th Cir. 2014) (citing Dillon and finding the procedure to consider guidelines changes under § 3582(c) is not a resentencing, but rather a sentence-reduction proceeding).

The government acknowledges that courts do not appear to have addressed whether § 2255 may be used to challenge the result of motions for sentence modification under the First Step Act, but argues that because it is a sentence reduction proceeding under § 3582(c), it is not subject to attack via § 2255. In the context of § 2255 challenges to orders addressing other types of sentence reductions under § 3582, courts have held that § 2255 may not be used to challenge such orders. See Goodwyn, 596 F.3d 233, 236 (4th Cir. 2010) (finding remedy for a petitioner unhappy with sentence reduction based on guidelines amendment was to appeal rather than seek motion for reconsideration eight months later); United States v. Woodson, 433 F. App'x 191, 193 (4th Cir. 2011) (same); United States v. Casey, No. 7:07cr00014, 2012 WL 4513811, *1 (W.D. Va. Oct. 1, 2021) (stating that § 2255 is not a vehicle for attacking a sentence reduction under § 3582(c)(2)).

Because Ancrum sought First Step Act relief under § 3582(c), it follows that he cannot challenge the result via this § 2255 petition. Thus, this court lacks jurisdiction to consider his motion and it must be **DISMISSED**.

Moreover, even if Ancrum could challenge the result of his First Step Act motion, he has not stated a claim for violation of a constitutional right in this § 2255 action. Criminal defendants have a Sixth Amendment right to effective legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to establish that counsel's assistance was not reasonably effective, a defendant must satisfy a two-prong analysis: He must show both that (1) counsel's performance fell below an objective standard of reasonableness; and (2) he was prejudiced by counsel's alleged deficient performance. Id. at 669.

However, petitioners do not have a constitutional right to counsel to file post-conviction motions. United States v. Odman, No. 4:96-cr-00053-MR-1, 2020 WL 6877180, *3 (W.D.N.C. Nov. 23, 2020) (citing Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) and Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003)). As Ancrum does not have a right to counsel, any possible error made by Lorish in seeking a reduction of his sentence under § 3582 does not rise to the level of violation of a constitutional right. See United States v. MacDonald, 966 F.2d 854, 859 n.9 (4th Cir. 1992) ("[W]here no Sixth Amendment right to counsel attaches to the proceeding, an ineffective assistance claim cannot be sustained.")

### III.

Ancrum also asked the court for a recommendation for release to Federal Location Monitoring or to a Residential Reentry Center while his § 2255 motion was pending. ECF No. 1513. According to the BOP Inmate Locator, Ancrum currently is housed at a Residential Reentry Center in Phoenix, Arizona. https://www.bop.gov/locations/ccm/cph/ (last viewed June 11, 2021). Therefore, his request for a recommendation of placement is **DENIED as moot**.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: June 15, 2021

*/s/ Michael F. Urbanski*

Michael F. Urbanski
Chief United States District Judge